STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
CHARLES LEROY BECKETT, DEFENDANT-APPELLANT.

Argued May 4, 1970—Decided June 23, 1970.

*Mr. Kenneth S. Javerbaum,* Assistant Deputy Public Defender, argued the cause for appellant *(Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Edward Fitzpatrick,* Assistant Prosecutor of Bergen County, argued the cause for respondent *(Mr. Richard F. Aronsohn,* Special Assistant Prosecutor of Bergen County, on the brief; *Mr. Guy W. Calissi,* Prosecutor of Bergen County, attorney).

PER CURIAM. Defendant was tried in the Bergen County Court under an indictment charging open lewdness (*N. J. S.* 2A:115–1). The jury found defendant guilty, and he received an indeterminate sentence at the Diagnostic Center of the Rahway State Prison Farm. The Appellate Division affirmed in an unreported *per curim* opinion, and we certified on defendant's application, 55 *N. J.* 170 (1969).

The trial was relatively short and the evidence adduced against defendant consisted almost entirely of the testimony of the complaining witness who, while ascending an overpass between two shopping centers, happened to glance down at a car parked in one of the shopping center's lots. The complainant testified that in looking through the front windshield of this car, she observed defendant masturbating. She testified that when she initially parked her car near defendant's, she observed nothing unusual and defendant did nothing to attract her attention. The alleged incident took place at 10:45 A.M., and the complainant conceded that there were few, if any, other cars in the area.

Defendant, on the other hand, denied exposing himself. He claimed that while driving the company's station wagon in the course of his employment, he had problems with the brakes and pulled into the parking lot in an attempt to remedy the problem.

On appeal, defendant asserts two grounds for reversal. First, defendant contends that the trial judge failed to charge an essential element of the statutory offense, *viz.* intent to debauch the morals and manners of the public. Second, defendant argues that he was denied a unanimous verdict of 12 jurors in that one of the jurors may have been hard of hearing. Since we believe plaintiff's first contention is meritorious and therefore a new trial is required, we deem it unnecessary to consider plaintiff's second ground.

*N. J. S.* 2A:115-1 provides:

> Any person who commits open lewdness or a notorious act of public indecency, grossly scandalous *and tending to debauch the morals and manners of the people,* or in private commits an act of lewdness or carnal indecency with another, grossly scandalous and tending to debauch the morals and manners of the people, is guilty of a misdemeanor. (Emphasis added).

Accordingly, the elements of the offense of public lewdness require an act which (1) is indecent, (2) is open and notorious, and (3) tends to debauch the morals and manners of the people. The defendant must have intended that his act be seen.

At the close of the evidence, the judge charged the jury in part:

> The test of criminality under the statute is whether the act tends to debauch the morals or manners of the people, and to be criminal, the act must be done intentionally, with evil intent. However, the requisite criminal intent may be inferred by the jury from the recklessness with which an accused committed such act or acts. The word debauch means to corrupt or pervert.
>
> Thus, it is for you to determine whether the act committed by the defendant tended to debauch the morals and manners of the people, and was grossly scandalous.

Approximately two hours after beginning their deliberations, the jury submitted the following inquiry to the court:

We would like clarification of this matter: Is the commission of the unlawful act enough in and of itself to bring in a verdict of guilty—or do you have to be satisfied beyond a reasonable doubt that the defendant's intent was tending to debauch the morals and manners of the people?

By its question, the jury indicated that it was confused regarding the requisite intent.

In response to the jury's inquiry, the court instructed:

I am going to give you the definition of intent, and how to determine it again.

Intent is a purpose to do something, a resolve to do or forebear a particular act, or to accomplish a certain thing. Whether or not intent exists is always a question for you alone. Intent is a condition of the mind which cannot be seen and can only be determined by inference drawn from conduct. words, or acts. It is not necessary that there be evidence by some witness that the defendant declared he intended to commit the offense with which he is charged, but it is your province to infer what the defendant intended to do, from which you find he actually did do from all the facts, circumstances, declarations, and evidence in the case.

Defendant's attorney argued that the supplemental charge failed to answer the jury's question. We agree. Rather than giving a response which merely referred to intent generally, the trial judge should have explained that the statute required not only an intent to do the act but also an intent that the act be seen.

Accordingly, the judgment of the trial court is reversed and the matter is remanded for a new trial.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*For affirmance*—None.